1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND J. SELLERS,

11          Plaintiff,                      No. CIV S-11-1024 WBS GGH (PC)

12      vs.

13   SOLANO COUNTY JAIL,

14          Defendant.                ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  　　　　The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9  　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16  　　　　A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

24  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26  Id.

1    In reviewing a complaint under this standard, the court must accept as true the

2 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

3 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

5 1843 (1969).

6    Plaintiff claims that Solano County Jail does not provide him with enough soap to

7 shower on a regular basis.  Specifically he claims that, while inmates are supposed to be able to

8 shower every other day, he receives "only two 0.5 oz bars of soap a week" and that is not enough

9 to shower every other day.  (Complaint at 3.)

10    "'Because routine discomfort is part of the penalty that criminal offenders pay for

11 their offenses against society, only those deprivations denying the minimal civilized measure of

12 life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'"

13 Somers v. Thurman, 109 F.3d 614, 623 (1997), quoting Hudson v. McMillian, 503 U.S. 1, 9, 112

14 S.Ct. 995, 1000 (1992) (omitting internal quotations and citations).

15    [A] prison official cannot be found liable under the Eighth
      Amendment for denying an inmate humane conditions of
16    confinement unless the official knows of and disregards an
      excessive risk to inmate health or safety; the official must both be
17    aware of facts from which the inference could be drawn that a
      substantial risk of serious harm exists, and he must also draw the
18    inference.

19 Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).  However, "[p]rison officials

20 have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation,

21 medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing,

22 inter alia, Farmer v. Brennan, 511 U.S. at 832, 114 S. Ct. 1970;  Hoptowit v. Ray, 682 F.2d 1237,

23 1246 (9th Cir.1982) ("[A]n institution's obligation under the Eighth Amendment is at an end if it

24 furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and

25 personal safety" [internal quotations omitted]).   When an inmate has been deprived of

26 necessities, "the circumstances, nature and duration of a deprivation...must be considered in

1   determining whether a constitutional violation has occurred." Johnson, supra, at 731.

2           Here, plaintiff's allegations do not rise to the level of a colorable Eighth

3   Amendment claim.  It is not clear why two hotel-sized bars of soap are not enough to take three

4   showers in a one-week period, nor why the lack of additional soap constitutes a "grave"

5   deprivation.  Rather, plaintiff appears to be describing a "routine discomfort" of prison life.

6   Thus the complaint will be dismissed, but plaintiff will have the opportunity to amend.

7           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

9   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

10  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

11  there is some affirmative link or connection between a defendant's actions and the claimed

12  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

13  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

14  vague and conclusory allegations of official participation in civil rights violations are not

15  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

18  complaint be complete in itself without reference to any prior pleading.  This is because, as a

19  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

20  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

21  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

22  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23          In accordance with the above, IT IS HEREBY ORDERED that:

24          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26  The fee shall be collected and paid in accordance with this court's order to the Director of the

4

1   California Department of Corrections and Rehabilitation filed concurrently herewith.

2         3.  The complaint is dismissed for the reasons discussed above, with leave to file

3   an amended complaint within twenty-eight days from the date of service of this order.  Failure to

4   file an amended complaint will result in a recommendation that the action be dismissed.

5   DATED: May 9, 2011

6

7                                    /s/ Gregory G. Hollows
                                     _____
                                     UNITED STATES MAGISTRATE JUDGE
8   sell1024.B.nf
    GGH:014
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5